United States v. Dinome (Borelli)

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of October, two thousand twenty-two.**

**PRESENT:**
> **JOHN M. WALKER, JR.,**
> **ROSEMARY S. POOLER,**
> **MICHAEL H. PARK,**
> *Circuit Judges.*

_____

**United States of America,**

*Appellee,*

**v.** 21-1506

**Henry Borelli,**

*Defendant-Appellant.\**

_____

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | Henry Borelli, pro se, Glenville, W.V. |
| **FOR APPELLEE:** | Matthew R. Shahabian, Stephen J. Ritchin, Assistant United States Attorneys, of Counsel, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, N.Y. |

_____

\* The Clerk of Court is respectfully directed to amend the caption as set forth above.

Appeal from an order of the United States District Court for the Southern District of New York (Preska, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the June 2, 2021 order of the district court is **AFFIRMED**.

Henry Borelli, pro se and incarcerated, appeals from the district court's June 2, 2021 decision denying his 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Borelli was convicted by a jury in 1986 of (1) fifteen counts of transporting stolen automobiles in interstate commerce, in violation of 18 U.S.C. § 2314, and (2) one count of conspiracy to deprive citizens of their civil rights in connection with two murders, in violation of 18 U.S.C. § 241. Judge Kevin Duffy sentenced Borelli to fifteen consecutive ten-year sentences for the § 2314 violation and life imprisonment for the § 241 conviction. This Court reversed the § 241 conviction because the government failed to prove beyond a reasonable doubt that the murder victims were United States citizens, as required to sustain a conviction under the statute, leaving Borelli with the 150-year sentence. *United States v. Gaggi*, 811 F.2d 47, 58 (2d Cir. 1987). In November 2020, Borelli, through an administrative process, requested that the Bureau of Prisons file a motion on his behalf seeking a compassionate release. In January 2021, Borelli, proceeding pro se, moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), arguing

---

[1] On September 7, 2022, Borelli moved under Federal Rule of Appellate Procedure 42 for voluntary dismissal, "seek[ing] immediate release from federal custody." *See* Dkt. No. 53 at 2. We deny this motion and consider Borelli's appeal on the merits.

that his age, diabetes, chronic heart disease, cataracts, and vulnerability to COVID-19 constituted "extraordinary and compelling reasons." The district court denied the motion, reasoning that Borelli's medical condition did not rise to the level of "extraordinary and compelling" and, in any event, that the 18 U.S.C. § 3553(a) factors disfavored granting the motion.

We review the denial of a motion for compassionate release for abuse of discretion. *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022) (per curiam). "[A] district court abuses its discretion if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or renders a decision that cannot be located within the range of permissible decisions." *Id.* (quotation marks and brackets omitted).

In general, federal courts may not modify a term of imprisonment once it has been imposed, "but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). Section 3582(c)(1)(A) is one such exception but applies only to persons whose offenses occurred on or after November 1, 1987. *See United States v. King*, 24 F.4th 1226, 1232 (9th Cir. 2022) ("[T]he statutory scheme governing compassionate release procedures is unmistakably clear that prisoners who offended before November 1, 1987, cannot personally move for compassionate release under § 3582(c)(1) . . . ."); *United States v. Jackson*, 991 F.3d 851, 854 (7th Cir. 2021) ("[W]e agree . . . that § 3582 remains inapplicable to old-law prisoners."). Here, Borelli was indicted in 1984 for conduct occurring before then, and he was convicted in 1986. *Gaggi*, 811 F.2d at 50. Borelli is thus ineligible for compassionate release for offenses he committed before 1987.[2]

---

[2] 18 U.S.C. § 4205(g) authorizes the Bureau of Prisons to bring motions for compassionate release

Even if § 3582(c) were applicable to Borelli, the district court did not abuse its discretion in denying his compassionate release motion. Contrary to Borelli's argument, the district court did not consider itself constrained by United States Sentencing Guidelines § 1B1.13 and Application Note 1(B), having explicitly stated that § 1B1.13 was not binding on the court and only "suggest[ed]" what constitutes extraordinary and compelling reasons for granting compassionate release. The district court also did not abuse its discretion in holding that, even if Borelli had demonstrated extraordinary and compelling circumstances, the court would not release him because doing so would contravene the 18 U.S.C. § 3553(a) factors. *See United States v. Keitt*, 21 F.4th 67, 69 (2d Cir. 2021) (per curiam) ("[W]hen a district court denies a defendant's motion under § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) sentencing factors, it need not also determine whether the defendant has shown extraordinary and compelling reasons . . ."). The district court properly considered Borelli's vacated 18 U.S.C. § 241 conviction, finding by a preponderance of the evidence that he "plotted to, and in fact did, murder" two individuals, and agreeing with the sentencing judge that "the jury's conviction of Borelli as a contract killer was overwhelmingly supported by the evidence." *United States v. Willis*, 14 F.4th 170, 188 (2d Cir. 2021) (holding that the sentencing judge can consider acquitted conduct if it is proven by a preponderance of the evidence); *United States v. Romano*, 825 F.2d 725, 728 (2d Cir. 1987) ("[A] district judge may consider hearsay statements, evidence of uncharged crimes, dropped counts of an indictment and criminal activity resulting in an acquittal in determining sentence."). We note that here Borelli's moral culpability for the murder conspiracy, established

---

and is thus not relevant here. 28 C.F.R. § 572.40; *see United States v. Fower*, 30 F.4th 823, 826 n.5 (9th Cir. 2022) (noting that 18 U.S.C. § 4205(g) is the predecessor statute to § 3582).

beyond a reasonable doubt, was not diminished by the acquittal which was based solely on the nationalities of the victims. The district court properly determined that the need "to promote respect for the law," "provide just punishment for the offense," and "afford adequate deterrence" supported denial of the motion for compassionate release. 18 U.S.C. § 3553(a)(2)(A)–(B).

We have considered all of Borelli's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the June 2, 2021 order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court