21-638
*United States v. Camber*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of October, two thousand twenty-two.

PRESENT:

> GUIDO CALABRESI,
> BETH ROBINSON,
>     *Circuit Judges*,
> PAUL A. ENGELMAYER[1],
>     *District Judge*.

_____

United States of America,

>     *Appellee*,

>     v.                                                                        No. 21-638

---

[1] Judge Paul A. Engelmayer, of the United States District Court for the Southern District of New York, sitting by designation.

Vashon Camber, AKA Shonnie, AKA
Shannie,

 *Defendant-Appellant*.

_____

FOR APPELLEE:                                      Carl G. Eurenius, Carina
                                                   H. Schoenberger, *for*
                                                   Carla B. Freedman,
                                                   United States Attorney
                                                   for the Northern District
                                                   of New York, Syracuse,
                                                   NY.

FOR DEFENDANT-APPELLANT:                           Vashon Camber, pro se,
                                                   White Deer, PA.

Appeal from an order of the United States District Court for the Northern District of New York (Suddaby, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 8, 2021 order of the district court is **AFFIRMED**.

Appellant Vashon Camber, pro se, appeals the district court's order denying his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. In 2018, Camber pleaded guilty to narcotics conspiracy and four counts of distributing

2

cocaine and heroin. The Government also filed a 21 U.S.C. § 851 information, seeking an enhanced penalty under 21 U.S.C. § 841(b), based on Camber's two prior felony convictions. Camber stipulated that he had two prior felony drug convictions, and the court sentenced him, principally, to the 10-year mandatory minimum.

In March 2021, Camber, pro se, moved for compassionate release, asserting that his medical conditions and the COVID-19 pandemic, as well as a purported sentencing disparity resulting from the passage of the First Step Act, warranted release. The district court declined his motion, concluding that he had not established that the Bureau of Prisons could not manage his health conditions, or that he would be at high risk for severe illness from COVID-19 in the event that he again contracted COVID-19. In addition, the court concluded that the nature and circumstance of the offenses of which Camber was convicted, his prior criminal history, and the percentage of his sentence served weigh decidedly against compassionate release. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Under § 3582(c)(1)(A), a district court "may reduce" a defendant's term of imprisonment, "after considering the factors set forth in section 3553(a)," if

"extraordinary and compelling reasons warrant such a reduction." § 3582(c)(1)(A)(i); *see United States v. Brooker*, 976 F.3d 228, 235 (2d Cir. 2020). This Court reviews a district court's denial of a motion for compassionate release for abuse of discretion. *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022) (per curiam). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (per curiam). [2] Here, the district court did not abuse its discretion by denying Camber's motion for compassionate release.

Camber asserts that his risk of severe illness from COVID-19 was an extraordinary and compelling reason for his release, and that the court did not consider his sentencing disparity argument. However, because the district court's 18 U.S.C. § 3553(a) analysis provides an independent basis to affirm, this Court "need not determine whether [Camber] has shown extraordinary and

---

[2] Unless otherwise noted, in quoting caselaw, this order omits all alterations, citations, footnotes, and internal quotation marks.

compelling reasons that might (in other circumstances) justify a sentence reduction." *See id.* at 73.

If Camber is arguing that the district court should have considered the purported sentencing disparity when considering the § 3553(a) factors (and not only as an extraordinary and compelling reason for a reduction), his contention lacks merit. The "need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct" is a § 3553(a) factor. § 3553(a)(6). However, this Court has "never required a district court to 'address every argument the defendant has made or discuss every § 3553(a) factor individually.'" *Keitt*, 21 F.4th at 72 (quoting *United States v. Rosa*, 957 F.3d 113, 119 (2d Cir. 2020)). Rather, "[a] district court is presumed to have considered all relevant § 3553(a) factors and arguments unless the record suggests otherwise," and we do not "require that a particular factor be given determinative or dispositive weight." *Halvon*, 26 F.4th at 570, 71. Here, the district court did not assume that Camber's mandatory-minimum sentence made him ineligible for a sentence reduction, and is presumed to have considered all relevant factors.

Nor did the district court otherwise abuse its discretion in concluding that the § 3553(a) factors did not warrant a reduction in Camber's sentence. Here, the

court did not cite § 3553(a), but expressly referenced two of the factors—the nature of Camber's offenses and his history—and properly relied upon the percentage of his sentence he had yet to serve. *See United States v. Kantor*, 853 F. App'x 723, 726 (2d Cir. 2021) (summary or.) ("[The § 3553(a)] inquiry often involves assessing the proportion of a defendant's stated sentence yet to be served."). The judge who reviewed Camber's motion is the same judge who originally sentenced him, providing greater assurance that the court was familiar with the nature of Camber's offenses and his history. Given that Camber had multiple prior convictions, and, at the time of this motion, had served less than half of his 10-year sentence, the court's conclusion that his release would be inconsistent with the § 3553(a) factors fell "within the range of permissible decisions."[3] *See Keitt*, 21 F.4th at 71.

Overall, "[m]ere disagreement with how the district court balanced the § 3553(a) factors. . . is not a sufficient ground for finding an abuse of discretion." *Halvon*, 26 F.4th at 569.

---

[3] In this respect, we note that the denial of compassionate release at one time does not bar a reapplication later in a prisoner's sentence, if other conditions supporting compassionate release are present.

We have considered all of Camber's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court