22-839-cr
*United States v. Decker*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of January, two thousand twenty-three.

PRESENT:   JOSÉ A. CABRANES,
             WILLIAM J. NARDINI,
                     *Circuit Judges*,
             JED S. RAKOFF,
                     *District Judge.**

---

UNITED STATES OF AMERICA,

                     *Appellee,*                                22-839-cr

             v.

ANDRE DECKER,

                     *Defendant-Appellant.*

---

FOR APPELLEE:                         David R. Felton, Stephen J. Ritchin,
                                      Assistant United States Attorneys *for*
                                      Damian Williams, United States Attorney
                                      for the Southern District of New York,
                                      New York, NY.

---

* Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

1

**FOR DEFENDANT-APPELLANT:**  Richard D. Willstatter, Green & Willstatter, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Nelson S. Román, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Andre Decker appeals from the District Court's order entered April 6, 2022, denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  Decker is currently serving a 48-month sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and (2).  The District Court denied Decker's motion both because he "failed to show extraordinary and compelling circumstances" and because "[e]ven if [Decker] could demonstrate extraordinary and compelling circumstances, the [18 U.S.C. § 3553(a)] factors would nonetheless warrant denial of [Decker's] motion."  Sp. App'x at 5.

We review the denial of a motion for compassionate release for "abuse of discretion." *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022).  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"When reviewing a motion for a sentence modification, a district court need only 'adequately explain the chosen sentence to allow for meaningful appellate review.'" *Id.* at 570 (quoting *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018)).  "In some cases, it may be sufficient for purposes of appellate review that the judge simply relied upon the record, while making clear that he or she has considered the parties' arguments and taken account of the § 3553(a) factors, among others." *Chavez-Meza*, 138 S. Ct. at 1965.

A district court may grant a motion under 18 U.S.C. § 3582(c)(1)(A) only if (1) the inmate has exhausted administrative remedies, (2) the § 3553(a) factors support a sentence reduction, and (3) the inmate has demonstrated "extraordinary and compelling reasons" justifying a sentence reduction. *United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021).  Because each prerequisite is necessary to granting the requested relief, "a district court's reasonable evaluation of the Section 3553(a) factors is an alternative and independent basis for denial of compassionate release." *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) (internal quotation marks and citation omitted).

The District Court did not abuse its discretion in denying Decker's motion based on the § 3553(a) factors.  The District Court identified those factors, which include "the nature and circumstances of the offense and history and characteristics of the defendant," as well as "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the

2

law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(1), (2). Based on its review, the District Court expressed "confiden[ce] that the sentence imposed—which [Decker] ha[d] served just over half of—remains necessary to reflect the seriousness of [his] offense, to promote respect for the law, and to provide just punishment." Sp. App'x at 5.

Although the District Court's discussion was brief, we "presume[]" that it "considered all relevant § 3553(a) factors and arguments unless the record suggests otherwise." *Halvon*, 26 F.4th at 570 (internal quotation marks omitted). The record here does not suggest otherwise. As Decker's sentencing judge, Judge Román was well-positioned to determine that the § 3553(a) factors did not support a sentence reduction. In determining Decker's original sentence, Judge Román reviewed Decker's extensive—and often violent—criminal history, noted that Decker has "spent more time in prison than . . . out of prison," App'x at 120, and hoped that his sentence would serve as a "wake-up call," App'x at 123. *See Chavez-Meza*, 138 S. Ct. at 1967 ("We . . . need not turn a blind eye to what the judge said at petitioner's initial sentencing.").

In light of Decker's background—and the District Court's uncontested familiarity with it— we conclude that the District Court did not abuse its discretion in denying Decker's motion for compassionate release based on its assessment of the § 3553(a) factors. Because reliance on the § 3553(a) factors is an "alternative and independent basis for denial of compassionate release," *Jones*, 17 F.4th at 374 (internal quotation marks and citation omitted), we need not address whether the District Court abused its discretion in concluding that Decker failed to show extraordinary and compelling circumstances.

## CONCLUSION

Having reviewed all of the remaining arguments raised by Decker on appeal and finding them to be without merit, we **AFFIRM** the District Court's order entered April 6, 2022.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court