22-1818-cr
*United States v. Albornoz (Diaz)*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of November, two thousand twenty-three.

PRESENT: JOSÉ A. CABRANES,
ROBERT D. SACK,
SARAH A. L. MERRIAM,
*Circuit Judges.*

_____

UNITED STATES OF AMERICA,

      *Appellee*,

    v.                                                                          No. 22-1818-cr

JOSE ALBORNOZ; TONY GARCIA;
RONNY LOPEZ; RUBEN LOPEZ,

      *Defendants*,

ADOLFO DIAZ,

      *Defendant-Appellant*.

_____

FOR DEFENDANT-APPELLANT: Adolfo Diaz, *pro se*, Waymart, PA.

FOR APPELLEE: Eli J. Mark, Hagan Scotten, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the July 28, 2022, order of the United States District Court for the Southern District of New York (Sullivan, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court is **AFFIRMED**.

Adolfo Diaz, proceeding pro se, appeals the District Court's denial of his motion for compassionate release pursuant to the First Step Act of 2018, 18 U.S.C. §3582(c)(1). In 2017, Diaz pled guilty to conspiracy to commit Hobbs Act robbery, and to possessing a firearm in relation to that conspiracy. He was sentenced principally to 60 months' imprisonment on the conspiracy count and 60 months' consecutive imprisonment on the firearms count, for a total of 120 months' imprisonment.

In 2022, Diaz moved for compassionate release and for appointment of counsel to assist him with his motion. His arguments focused on his rehabilitation efforts in prison, listing his many accomplishments and emphasizing his clean disciplinary record, as well

as the risks posed by COVID-19. The District Court denied his motion, concluding that the 18 U.S.C. §3553(a) sentencing factors counseled against a sentence reduction. While applauding Diaz "for the many positive steps he has taken in the years since he was sentenced," the District Court concluded that Diaz's offense conduct – "a conspiracy to commit armed robbery, in broad daylight, at a location where innocent bystanders could have been harmed or killed" – weighed against a reduction, as did his criminal history, his already-below-Guidelines sentence, and a comparable sentence given to a coconspirator.[1] United States v. Diaz, No. 16CR00719(RJS), 2022 WL 3020145, at *2-3 (S.D.N.Y. July 28, 2022). The District Court also denied Diaz's request for appointment of counsel. See id. at *4. Diaz appeals only the District Court's denial of his motion for compassionate release.

The denial of a sentence reduction under 18 U.S.C. §3582(c)(1) is reviewed for abuse of discretion. See United States v. Halvon, 26 F.4th 566, 569 (2d Cir. 2022) (per curiam). "[A] district court abuses its discretion if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or renders a decision that

---

[1] In reciting the history of the case, the District Court accurately recounted the Guidelines calculation (137 to 156 months) but erroneously stated that it had imposed a "sentence of 120 months' imprisonment on the conspiracy count, to be followed by five years' imprisonment on the firearms count," for a total of 180 months' imprisonment. United States v. Diaz, No. 16CR00719(RJS), 2022 WL 3020145, at *1 (S.D.N.Y. July 28, 2022). This error had no effect on the District Court's analysis.

3

cannot be located within the range of permissible decisions." Id. (citation and quotation marks omitted).

A district court "may" reduce a defendant's term of imprisonment "after considering the factors set forth in Section 3553(a)," if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. §3582(c)(1)(A)(i). When a district court concludes that the applicable §3553(a) sentencing factors warrant denial of a reduction in sentence, it need not determine whether the defendant has shown extraordinary and compelling reasons. See United States v. Keitt, 21 F.4th 67, 73 (2d Cir. 2021) (per curiam).

We find no abuse of discretion in the District Court's decision. The District Court weighed the information Diaz presented, including his post-conviction rehabilitation efforts, his health conditions, and the impact of COVID-19, but found that several of the §3553(a) factors counseled against a reduction. Insofar as Diaz challenges the District Court's weighing of the §3553(a) factors, we do not require that a district court give any particular factor "determinative or dispositive weight." Halvon, 26 F.4th at 571 (citation and quotation marks omitted). A district court need not address every argument a defendant makes, or discuss every §3553(a) factor, to reasonably exercise its discretion. See United States v. Rosa, 957 F.3d 113, 119 (2d Cir. 2020).

Accordingly, for the reasons stated, we **AFFIRM** the July 28, 2022, order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court