23-6063-cr
*US v. Dixon*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of February, two thousand twenty-four.

PRESENT:
> **DENNIS JACOBS,**
> **DENNY CHIN,**
> **ALISON J. NATHAN,**
> *Circuit Judges.*

_____

**United States of America,**

> *Appellee,*

> v.                                                                                           No. 23-6063

**David Dixon,**

> *Defendant-Appellant.*

_____

**FOR DEFENDANT-APPELLANT:**    JAY S. OVSIOVITCH, Federal Public Defender's Office, Western District of New York, Rochester, NY.

**FOR APPELLEE:**    MONICA J. RICHARDS, Assistant United States Attorneys, *for* Trini E. Ross, United States Attorney for the Western District of New York, New York, NY.

* * *

Appeal from an order of the United States District Court for the Western District of New York (Siragusa, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Defendant-Appellant David Dixon appeals from the district court's order, entered on January 3, 2023, denying his motion for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). Dixon filed his motion *pro se* on February 25, 2022, and his motion was supplemented by counsel on August 15, 2022. Dixon is serving a sentence for his 2021 guilty plea to a two-count Information charging him with possessing cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and being a convicted felon in

2

possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Dixon was sentenced to 70 months' imprisonment, and a three-year term of supervised release on each count to run concurrently. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, establishes "three requirements that must be satisfied before a court can grant" a motion for compassionate release: (1) exhaustion of administrative remedies, "absent waiver or forfeiture by the government," (2) consideration of the 18 U.S.C. § 3553(a) factors "to the extent that they are applicable,"[1] and (3) a determination that the defendant's "circumstances are indeed 'extraordinary and compelling.'" *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A), (i)).

---

[1] The Government argues that Dixon failed to challenge the district court's determination that he did not satisfy the § 3553(a) factors, which constitutes waiver of the argument. Dixon argues, in reply, that the § 3553(a) factors were necessarily addressed because one of those factors requires that the defendant be provided with needed medical care in the most effective manner. *See* 18 U.S.C. § 3552(a)(2)(D). Even if Dixon has not waived his § 3553(a) argument, the district court did not abuse its discretion in concluding Dixon did not satisfy the § 3553(a) factors due to the "seriousness of the instant offense, [Dixon's] prior criminal history . . . , and the fact that he filed [his] application after completing less than one-third of his sentence." App'x at 146.

3

"We review the denial of a motion for compassionate release for abuse of discretion[.]" *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022). Because "[a] district court has broad discretion when considering a motion for compassionate release," a district court abuses its discretion only when it "bases its ruling 'on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions.'" *Id.* (alteration in original) (quoting *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009)).

On appeal, Dixon argues that he demonstrated extraordinary and compelling reasons for compassionate release based on his serious physical and medical conditions. These medical conditions include asthma and diabetes, and Dixon also argues that his risk of contracting COVID-19 in light of these medical conditions presents an extraordinary and compelling circumstance. Moreover, Dixon claims he cannot provide the self-care necessary to manage his ulcerative colitis, because he has been hospitalized twice for the condition, has developed sepsis from delays in receiving appropriate medical care for the condition, and has not been provided a low fiber diet to lessen his symptoms. Finally, Dixon claims

4

that the district court drew erroneous conclusions from Dr. Amy Kossoff's report, which reviewed his medical records and supported his compassionate release motion.

The district court did not abuse its discretion when it denied Dixon's compassionate release motion. The district court surveyed all the available medical evidence and the arguments made before it, and made an individualized assessment based on Dixon's medical conditions. The district court found that Dixon is vaccinated against COVID-19, that he previously contracted COVID-19, and that nothing suggests his asthma and/or diabetes are causing him significant difficulties. As to his ulcerative colitis, the district court recognized that although Dixon "may not have always received the optimal treatment for such condition," his colitis "appears generally-well managed and stable" and his subsequent treatments have been "generally effective" in treating his condition. App'x at 143–44.

Dixon's additional challenge to the district court's lack of reliance on Dr. Kossoff's report amounts to a reasonable disagreement about the evidence before the district court—not an abuse of discretion.

5

\*     \*     \*

We have considered Dixon's remaining arguments and find them to be without merit.  For the foregoing reasons, the order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court