21-1215-cr (L)
United States v. Ahmed

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of April, two thousand twenty-four.

PRESENT:
> EUNICE C. LEE,
> SARAH A. L. MERRIAM,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

United States of America,

> *Appellee*,

> v.

Maroof Ahmed, Shahzad Ahmed,

> *Defendants-Appellants*.

_____

21-1215 (L), 22-2943
(Con)

FOR DEFENDANTS-APPELLANTS:       Shahzad Ahmed, *pro se*, Oxford, WI.

Maroof Ahmed, *pro se*, Danbury, CT.

FOR APPELLEE:       David R. Felton, Olga I. Zverovich, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from orders of the United States District Court for the Southern District of New York (Karas, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders denying compassionate release are **AFFIRMED**.

In early 2019, Appellants Maroof and Shahzad Ahmed, who are brothers, pleaded guilty to conspiring to import and distribute heroin. In October 2019, the district court sentenced Maroof to 180 months' imprisonment and Shahzad to 135 months' imprisonment, along with terms of supervised release. Neither brother appealed.

Just over a year later, both brothers filed motions for compassionate

release arguing, among other things, that their medical conditions along with the prison's inadequate medical care during the COVID-19 pandemic, constituted grounds for release under 18 U.S.C. § 3582(c)(1). The district court denied the brothers' original applications and subsequent motions for reconsideration in a series of orders. Now, before the Court are Shahzad's and Maroof's appeals from the district court's latest orders denying reconsideration. We assume the parties' familiarity with the remaining facts, procedural history, and issues on appeal.

We review both the denial of compassionate release and the denial of reconsideration of such a decision for abuse of discretion. *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022) (per curiam); *United States v. Moreno*, 789 F.3d 72, 78 n.4 (2d Cir. 2015). A district court abuses its discretion if its ruling is based "on an erroneous view of the law or on a clearly erroneous assessment of the evidence," or if the ruling "cannot be located within the range of permissible decisions." *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009) (quoting *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008)).

We have reviewed the record and conclude that the district court did not

3

abuse its discretion.   Section 3582(c)(1)(A) provides that a district court "may" reduce a defendant's term of imprisonment "after considering the factors set forth in section 3553(a)" *and* if the court finds "extraordinary and compelling reasons warrant such a reduction."   18 U.S.C. § 3582(c)(1)(A); *see Halvon*, 26 F.4th at 571.

Here, the district court's initial denials held that even if the Ahmeds' medical conditions established extraordinary and compelling reasons for release, the 18 U.S.C. § 3553(a) factors, nevertheless, cut "strongly" against granting early release.   Memo Endorsement at 1, *United States v. Ahmed*, No. 7:17-CR-00575 (KMK) (S.D.N.Y. Feb. 3, 2021), ECF No. 111 (denying Maroof Ahmed's motion); Memo Endorsement at 1, *United States v. Ahmed*, No. 7:17-CR-00575 (KMK) (S.D.N.Y. Jan. 31, 2021), ECF No. 109 (denying Shahzad Ahmed's motion).   In reaching this conclusion, the district court properly analyzed the § 3553(a) factors, including the Ahmeds' criminal histories and the seriousness of their offense conduct, and reasoned that granting early release would undermine both respect for the law and the deterrent purposes of the original sentences.   *See* 18 U.S.C. § 3553(a)(2)(A)–(B) (establishing that the sentence imposed must

4

"promote respect for the law" and "afford adequate deterrence to criminal conduct"). In response, the brothers filed motions for reconsideration, largely based on the district court's purported failure to consider their medical conditions. The district court denied these motions, explaining that the Ahmeds' health conditions, which pertain to whether they have extraordinary and compelling reasons for release, do not address the court's independent ground for denial—the § 3553(a) factors.

On appeal, the Ahmeds argue that the district court failed to account for both their rehabilitation and the inadequate medical care they received in prison. But a district court may deny motions for compassionate release in "sole reliance" on the § 3553(a) sentencing factors. *United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021) (per curiam). Moreover, on appellate review, we presume that the district court has considered all relevant § 3553(a) factors "in the absence of record evidence suggesting otherwise," *United States v. Verkhoglyad*, 516 F.3d 122, 129 (2d Cir. 2008), and leave "the weight to be afforded any § 3553(a) factor" firmly within the discretion of the sentencing judge, *id.* at 131. Here, there is nothing in the record to indicate that the district court did not properly consider

the § 3553(a) factors, and the Ahmeds' "disagreement with how the district court balanced the § 3553(a) factors . . . is not a sufficient ground for finding an abuse of discretion." *Halvon*, 26 F.4th at 569 (internal quotation marks omitted).

We have considered the Ahmeds' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the orders of the district court denying compassionate release.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court