United States v. Williams

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18ᵗʰ day of July, two thousand twenty-four.

**PRESENT:**
> **JOHN M. WALKER, JR.,**
> **STEVEN J. MENASHI,**
> *Circuit Judges,*
> **NUSRAT J. CHOUDHURY,**
> *District Judge.*[*]

---

United States of America,

> *Appellee,*

> v.                                                          23-6154

Xavier Williams, AKA Ohn X, AKA Xavier Torres, AKA Richie Foster,

> *Defendant-Appellant.*[†]

---

[*] Judge Nusrat J. Choudhury of the United States District Court for the Eastern District of New York, sitting by designation.

[†] The Clerk of Court is directed to amend the caption as set forth above.

**FOR DEFENDANT-APPELLANT:**          Xavier Williams, pro se, Bennettsville, SC.

**FOR APPELLEE:**          Jackie Delligatti, Stephen J. Ritchin, Assistant United States Attorneys, for Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Buchwald, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Xavier Williams, pro se, appeals the order of February 3, 2023, denying his motion for compassionate release.[1] Williams is serving a life sentence for racketeering, drug, and firearm offenses, including a conspiracy to commit murder over a drug dispute. *See United States v. Williams*, 506 F.3d 151, 154 (2d Cir. 2007). In denying his motion for compassionate release, the district court concluded that Williams had not established extraordinary and compelling reasons warranting a sentence reduction and that the 18 U.S.C. § 3553(a) factors did not support a reduction. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review a denial of compassionate release for abuse of discretion, except for underlying matters of statutory interpretation, which we review de novo. *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022); *see also United States v. Keitt*, 21 F.4th 67, 71-72 (2d Cir. 2021) (reviewing for abuse of discretion a denial of compassionate release based on the § 3553(a)

---

[1] Williams devotes much of his appellate brief to arguing that the district court abused its discretion in its October 2019 denial of a prior motion for a sentence reduction based on section 404(b) of the First Step Act. But the October 2019 order is not properly before us in this appeal. First, the notice of appeal did not identify the October 2019 order as a subject of this appeal, so we lack appellate jurisdiction to consider that challenge. *See New Phone Co. v. City of New York*, 498 F.3d 127, 130-31 (2d Cir. 2007) (holding that a notice of appeal's failure to identify an order imposing a filing injunction as one of the orders to be appealed deprived this court of jurisdiction to review that order). Second, even if we were to construe his brief as a notice of appeal challenging the October 2019 order, the appeal would be untimely as to that order, and the government has objected to the untimeliness in its brief. *See United States v. Frias*, 521 F.3d 229, 234 (2d Cir. 2008) ("When the government properly objects to the untimeliness of a defendant's criminal appeal, [Federal Rule of Appellate Procedure] 4(b) is mandatory and inflexible."). Third, the challenge to the October 2019 order must be dismissed as duplicative of Williams's prior appeal of that order, which this court dismissed as frivolous in 2020. *See Travelers Indem. Co. v. Sarkisian*, 794 F.2d 754, 757 n.3 (2d Cir. 1986) (dismissing a duplicative appeal because "only one appeal will lie from [a] final judgment").

factors). A district court may reduce a sentence on a defendant's motion "after considering the factors set forth in [§] 3553(a) to the extent that they are applicable, if it finds that … extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

The district court did not abuse its discretion in its determination that, even assuming the existence of extraordinary and compelling reasons, the § 3553(a) factors did not support a sentence reduction. The district court considered the length of Williams's sentence, his efforts at rehabilitation, and the COVID-19 pandemic but reasonably concluded that those circumstances were outweighed by, among other factors, the seriousness of the offense and the need to avoid sentencing disparities because two of Williams's co-defendants also received life sentences. *See* 18 U.S.C. § 3553(a)(1)-(2), (6); *Keitt*, 21 F.4th at 72 (concluding that a district court did not abuse its discretion in denying compassionate release based on the § 3553(a) factors for a defendant who "had sold a large quantity of dangerous drugs over an extended period as part of his membership in a gang").

We are not persuaded by Williams's argument on appeal that his efforts at rehabilitation support a sentence reduction. The district court did not abuse its discretion by concluding that those efforts were outweighed by other § 3553(a) factors. *See United States v. Brooker*, 976 F.3d 228, 237-38 (2d Cir. 2020) ("The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation … *alone* shall not be considered an extraordinary and compelling reason.'") (quoting 28 U.S.C. § 994(t)); *Halvon*, 26 F.4th at 569 ("Mere disagreement with how the district court balanced the § 3553(a) factors … is not a sufficient ground for finding an abuse of discretion.") (internal quotation marks omitted).

We have considered Williams's remaining arguments on appeal, which we conclude are without merit. Accordingly, we **AFFIRM** the order denying compassionate release.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court