21-273-cr
*United States v. Marlon Clenista*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2021

(Argued:  February 3, 2022      Decided:  February 25, 2022)

Docket No. 21-273-cr

---

UNITED STATES OF AMERICA,

*Appellee*,

*v.*

GILBERTO HALVON, also known as Jona, JAMES CORCIA, JOHN B CANARIA,
AUGUST CASTILLO, KERWIN LACSON, MONARCH TABOR, LORENA MARQUEZ,
also known as Enna,

*Defendants*,

MARLON CLENISTA,

*Defendant-Appellant*.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Before:

CABRANES, LYNCH, and CHIN, *Circuit Judges*.

Appeal from an order entered in the United States District Court for the Southern District of New York (Kaplan, *J.*) denying defendant-appellant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1). The district court found that the 18 U.S.C. § 3553(a) factors weighed against reduction of defendant-appellant's mandatory minimum sentence.

AFFIRMED.

> MITZI S. STEINER, Assistant United States Attorney (David Abramowicz, Assistant United States Attorney, *on the brief*), *for* Audrey Strauss, United States Attorney for the Southern District of New York, New York, New York, *for Appellee*.
>
> ELIZABETH D. FEMIA (Ira M. Feinberg and Charles Barrera Moore, *on the brief*), Hogan Lovells US LLP, New York, New York, *for Defendant-Appellant*.

PER CURIAM:

Pursuant to 18 U.S.C. § 3582(c)(1) as modified by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), a district court may reduce a term of imprisonment upon motion by a defendant. Commonly referred to as the "compassionate release" provision, § 3582(c)(1) permits a district court to reduce a term of imprisonment if, "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, [it] finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). In this case, defendant-appellant Marlon Clenista appeals from an order of the district court (Kaplan, *J*.) entered January 26, 2021, denying his motion for compassionate release. Clenista contends principally that the district court erred in failing to consider the § 3553(a) sentencing factors as they existed at the time of his motion, that is, that the district failed to consider post-sentencing changes in circumstances.

This case poses the threshold question of whether defendants who received a mandatory minimum sentence are eligible for a sentence reduction under § 3582(c)(1). We hold that they are. Because the district court did not

3

abuse its discretion in denying Clenista's motion for compassionate release, however, we affirm.

## *BACKGROUND*

On June 6, 2016, Clenista pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute 500 or more grams of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). At the time of the offense, Clenista was on supervised release for another federal methamphetamine-distribution conviction. On September 14, 2016, the district court adopted the Probation Department's calculation of Clenista's applicable Guidelines range and sentenced him to the mandatory minimum term of imprisonment of 120 months, followed by a five-year term of supervised release.

Clenista moved for compassionate release in the district court on December 4, 2020, after receiving no reply to a letter seeking such relief that he apparently mailed to the prison warden on July 19, 2020.[1] By order entered January 26, 2021, the district court denied Clenista's motion. The district court assumed without deciding that Clenista had shown extraordinary and

---

[1] A factual dispute arose before the district court as to whether Clenista actually submitted the letter to the warden, but the district court did not deny Clenista's motion because of failure to exhaust. The Government does not raise this issue on appeal.

4

compelling circumstances, but ultimately determined that the § 3553(a) factors

weighed against granting compassionate release.  This appeal followed.

## *DISCUSSION*

We review the denial of a motion for compassionate release for

abuse of discretion and underlying matters of statutory interpretation *de novo*.

*See United States v. Moore*, 975 F.3d 84, 88-89 (2d Cir. 2020).  A district court has

broad discretion when considering a motion for compassionate release.  *See*

*United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).  Mere disagreement with

"how the district court balanced the § 3553(a) factors" therefore is not a sufficient

ground for finding an abuse of discretion.  *United States v. Chambliss*, 948 F.3d

691, 694 (5th Cir. 2020).  Instead, a district court abuses its discretion if it bases its

ruling "on an erroneous view of the law or on a clearly erroneous assessment of

the evidence, or render[s] a decision that cannot be located within the range of

permissible decisions."  *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009)

(quoting *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008)).  Clenista argues that the

district court abused its discretion by failing to consider changed circumstances

in its § 3553(a) analysis. We are not persuaded and thus affirm the district court's denial of the motion.

## I.  *18 U.S.C. § 3582(c)(1) and Mandatory Minimum Sentences*

As a threshold matter, this case implicates the question of whether a district court is barred from reducing a sentence pursuant to a compassionate release motion when a defendant received the mandatory minimum sentence. The district court did not deny the motion on this basis, and Clenista and the Government both acknowledge that *United States v. Brooker* implicitly held that such defendants may be eligible for compassionate release. 976 F.3d at 230. As this Court has not clearly spoken on the issue, we address it now.

In *Brooker*, defendant-appellant Jeremy Zullo received separate ten-year and five-year mandatory minimum sentences. *Id.* The district court denied Zullo's motion for compassionate release and he appealed. We vacated the district court's order and remanded to permit the district court to properly exercise its full discretion. *Id.* at 237. Our decision thus implicitly recognized that a mandatory minimum sentence could be reduced by a compassionate release motion. We now explicitly hold that a mandatory minimum sentence

6

does not preclude a district court from reducing a term of imprisonment on a motion for compassionate release.

Multiple other circuits have reached the same conclusion implicitly. *See, e.g., United States v. Owens*, 996 F.3d 755 (6th Cir. 2021) (reversing the district court's order denying compassionate release and remanding to the district court where defendant was originally sentenced to the mandatory minimum); *see also United States v. Black*, 999 F.3d 1071 (7th Cir. 2021) (vacating and remanding in the same situation). This conclusion also follows from the language of § 3582(c)(1)(A). There is no indication in the statutory text that compassionate release is not available to inmates sentenced to mandatory minimum terms. Instead, § 3582(c)(1)(A) broadly permits a district court to "reduce the term of imprisonment" once certain conditions are met. 18 U.S.C. § 3582(c)(1)(A). The broad language in § 3582(c)(1)(A) reflects the intention behind the compassionate release mechanism, which was first introduced in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1837 (Oct. 12, 1984). The Senate Judiciary Committee report on the Sentencing Reform Act explained that compassionate release would address "unusual cases in which an eventual reduction in the length of a term of imprisonment is justified by changed

circumstances," and it did not limit such unusual cases to non-mandatory minimum terms. S. Rep. No. 98-225, 1983 WL 25404, at *55 (1983).

**II.** *The 18 U.S.C. § 3553(a) Sentencing Factors*

Section 3553(a) lists numerous factors that a court shall consider when imposing a sentence. Contrary to Clenista's assertions, nothing in the record indicates that the district court failed to consider changed circumstances in its § 3553(a) analysis. A district court is presumed to have "considered all relevant § 3553(a) factors and arguments" unless the record suggests otherwise. *United States v. Rosa*, 957 F.3d 113, 118 (2d Cir. 2020). Nothing in the record rebuts this presumption. The briefing before the district court addressed at length post-sentencing changes in Clenista's circumstances. Furthermore, in its order denying compassionate release, the district court discussed the risk of COVID-19 in United States Penitentiary Lompoc, Clenista's facility at the time of his motion, as well as Clenista's medical history and age, factors involving circumstances that had changed since the date of his sentencing.

When reviewing a motion for a sentence modification, a district court need only "adequately explain the chosen sentence to allow for meaningful appellate review." *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2019). It is

true that the district court emphasized "[Clenista's] substantial criminal history, the fact that this [was] his second conviction for distributing or conspiring to distribute methamphetamine, and his audacity in committing this offense while still on supervised release," App'x 239-40, sentencing considerations that had not changed since his original sentence. That the district court gave greater weight to those unchanged factors than to the changed circumstances on which Clenista relies does not mean that the court failed to consider the latter. We cannot "assume a failure of consideration simply because a district court fail[ed] to . . . discuss" a given factor. *United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008). Nor can we require "that a particular factor be given determinative or dispositive weight," even when a motion for compassionate release coincides with a change in circumstances like COVID-19. *Id* (internal quotation marks omitted); *see also United States v. Jones*, 17 F.4th 371, 375 (2d Cir. 2021) (rejecting defendant's argument that the district court should have "rebalanced [the § 3553(a)] factors in light of the pandemic"). Thus, the district court did not abuse its discretion when it placed weight on "[t]he need to recognize the seriousness of [Clenista's] offense, to provide a just punishment, to protect the

public from further such activity by [Clenista], and [his] characteristics." App'x 240.[2]

Finally, although Clenista does not contest the issue, we note that the district court did not err in denying Clenista's compassionate release motion "in sole reliance on the applicable § 3553(a) sentencing factors" rather than also determining whether Clenista had shown extraordinary and compelling reasons. *United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021). Such a process satisfies the requirements of § 3582(c)(1)(A) and conforms with our precedent. *Id.*; *Jones*, 17 F.4th at 374.

## CONCLUSION

For the reasons stated above, the district court's order denying compassionate release is **AFFIRMED**.

---

[2] On January 31, 2022, Clenista filed a motion requesting that we take judicial notice of certain COVID-19 conditions in Federal Correctional Institution Herlong, where Clenista is incarcerated. Dkt. No. 70. We have discretion to determine whether to take judicial notice of documents that are not part of the record on appeal. *Dixon v. von Blanckensee*, 994 F.3d 95, 102 (2d Cir. 2021). As the COVID-19 circumstances at Clenista's current place of incarceration are not relevant to whether the district court abused its discretion as to the § 3553(a) factors in denying Clenista's motion at an earlier time when he was incarcerated at a different institution, we decline to take judicial notice and Clenista's motion is denied.