20-3307-cr
United States v. Gallicchio

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of June, two thousand twenty-three.

PRESENT:   GERARD E. LYNCH,
                    RAYMOND J. LOHIER, JR.,
                    JOSEPH F. BIANCO,
                            *Circuit Judges*.

-----------------------------------------------------------------

UNITED STATES OF AMERICA,

        *Appellee*,

    v.                                                                     No. 20-3307-cr

VITO GALLICCHIO,

        *Defendant-Appellant*,

DAVID TAYLOR, DANIEL GARCIA,
NICHOLAS AVICOLLI, LAWRENCE
MONTALBANO, LEONARD DANZI, DON
MICHAEL CARIM, MICHAEL FARLEY,

        *Defendants*.

-----------------------------------------------------------------

1

FOR DEFENDANT-APPELLANT: Vito Gallicchio, *pro se*, Otisville, NY

FOR APPELLEE: Kiersten A. Fletcher, Justin V. Rodriguez, Nicolas Roos, David Abramowicz, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY

Appeal from an order of the United States District Court for the Southern District of New York (Andrew L. Carter, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court is AFFIRMED.

Defendant-Appellant Vito Gallicchio, proceeding pro se, appeals from a September 28, 2020 order of the United States District Court for the Southern District of New York (Carter, J.) denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

On November 5, 2019, following a Fatico hearing, the District Court sentenced Gallicchio principally to 144 months' imprisonment for participating in a narcotics conspiracy in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). In July

2

2020 Gallicchio moved for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), arguing primarily that he should be released from prison because his cardiovascular conditions increased his risk of serious complications from COVID-19 and because of his efforts at post-sentencing rehabilitation. The District Court denied Gallicchio's motion "[b]ased on the [18 U.S.C. §] 3553(a) factors . . ., his supervisory role in the offense, the need for general and specific deterrence, and the obstruction of justice that he engaged in by intimidating witnesses." Dist. Ct. Dkt. No. 288, at 7.

On appeal, Gallicchio argues that the District Court abused its discretion in denying his motion for a sentence reduction. In support of his argument, Gallicchio points to the following: (1) the health risks presented by the COVID-19 pandemic; (2) evidence of his rehabilitation in prison; (3) his proposed release plan; (4) his prior addiction to oxycodone, which he says explains his criminal conduct; (5) the fact that he did not have a leadership role in the narcotics conspiracy of which he was convicted; and (6) the nonviolent nature of his offense of conviction. We note that Gallicchio raised these considerations before the District Court, which "is presumed to have considered all relevant § 3553(a) factors and arguments unless the record suggests otherwise." United States v.

3

Halvon, 26 F.4th 566, 570 (2d Cir. 2022) (quotation marks omitted). To the extent that Gallicchio challenges the District Court's balancing of the § 3553 factors, "this court cannot require that a particular factor be given determinative or dispositive weight." United States v. Amato, 48 F.4th 61, 66 (2d Cir. 2022) (quotation marks omitted). "Rather, the weight to be afforded any § 3553(a) factor is a matter firmly committed to the discretion of the sentencing judge." United States v. Verkhoglyad, 516 F.3d 122, 131 (2d Cir. 2008) (quotation marks omitted). Our review of the record convinces us that the District Court acted within its discretion in balancing the § 3553(a) factors.

Gallicchio also contends that the District Court abused its discretion because it failed to provide a written explanation for denying his motion. We have explained that "[w]hen reviewing a motion for a sentence modification, a district court need only adequately explain the chosen sentence to allow for meaningful appellate review." Halvon, 26 F.4th at 570 (quotation marks omitted). Here, the District Court held a hearing on the motion and explained its rationale for denying the motion on the record. Among other things, the court specifically noted that it had considered the § 3553(a) factors. We conclude that

4

what the District Court did here was sufficient.  See Chavez-Meza v. United States, 138 S. Ct. 1959, 1965 (2018).

We have considered Gallicchio's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the order of the District Court is AFFIRMED.  The Clerk of Court is respectfully directed to mail Gallicchio a copy of the transcript of the District Court's motion hearing and decision, which can be found on the District Court's docket at ECF No. 288.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court