22-2969-cr
*United States v. Gill*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of March, two thousand twenty-four.

Present:

> ROBERT D. SACK,
> WILLIAM J. NARDINI,
> MYRNA PÉREZ,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

*Appellee*,

v.          22-2969-cr

JOSEPH GILL,

*Defendant-Appellant*.

_____

| | |
|---|---|
| For Defendant-Appellant: | Joseph Gill, *pro se*, White Deer, PA |
| For Appellee: | Geoffrey J. L. Brown, Paul D. Silver, Assistant United States Attorneys, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Albany, NY |

Appeal from an order of the United States District Court for the Northern District of New York (Frederick J. Scullin, Jr., *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order denying a sentence reduction is **AFFIRMED**.

Defendant-Appellant Joseph Gill appeals an order of the district court (Frederick J. Scullin, Jr., *District Judge*), entered on October 28, 2022, denying Gill's motion for a sentence reduction. Gill pleaded guilty to receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1), and 2256(8)(A). Relying in part on a description of Gill's non-offense conduct relating to sexual contact with two minors in the presentence report, the district court sentenced Gill to 121 months of imprisonment. We affirmed his sentence on direct appeal, concluding that his challenge to the district court's consideration of the non-offense conduct was meritless. *See United States v. Gill*, 739 F. App'x 75, 76–77 (2d Cir. 2018) (summary order). In 2020, Gill moved *pro se* for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), relying on his vulnerability to COVID-19. The district court denied the motion, reasoning that the 18 U.S.C. § 3553(a) factors— namely Gill's offense conduct and non-offense conduct described in the presentence report—did not warrant a sentence reduction. We assume the parties' familiarity with the case.

We review the denial of a motion for a discretionary sentence reduction for abuse of discretion. *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022).[1] "[A] district court abuses its discretion if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or renders a decision that cannot be located within the range of permissible decisions." *Id.*

Section 3582(c)(1)(A) provides that a district court "may" reduce a defendant's term of imprisonment "after considering the factors set forth in section 3553(a)" if it finds that

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

"extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *accord United States v. Brooker*, 976 F.3d 228, 235 (2d Cir. 2020). A district court may deny relief in "sole reliance" on the § 3553(a) sentencing factors. *Halvon*, 26 F.4th at 571.

The district court did not abuse its discretion by denying Gill a sentence reduction. The district court properly considered the § 3553(a) factors, such as the seriousness of Gill's offense, his history and characteristics, and the danger he posed to the community. *See* 18 U.S.C. § 3553(a)(2). Specifically, the district court found that Gill's offense conduct and continued denial of his sexual attraction to children (as evidenced by his actual offense and the non-offense conduct detailed in the pre-sentence report) demonstrated that he continued to pose a danger to the community and his victims.

Gill argues that the district court improperly relied on his non-offense conduct in calculating his original sentence. This Court rejected this argument in Gill's first appeal, reasoning that "[t]hough Gill objected to the inclusion of this information in his Pre-Sentence Report and denied having any inappropriate or sexual contact with minors, he did not suggest that the information he provided to the Probation Office was inaccurate, or that the Pre-Sentence Report mischaracterized his account." *Gill*, 739 F. App'x at 76. Moreover, a defendant may not use a sentence reduction motion to "second-guess[]" the previously imposed sentence. *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021).

Gill also argues that the district court erred by not considering the disparities between his sentence and the sentences of other similarly situated offenders. Although the district court must consider "the need to avoid unwarranted sentence disparities among defendants with similar

3

records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6), we "presume[]" that the district court has "considered all relevant § 3553(a) factors and arguments unless the record suggests otherwise," *Halvon*, 26 F.4th at 570, and Gill has not pointed to anything in the record suggesting otherwise.

Further, we accord great deference to the weight the district court assigns to each § 3553(a) factor. *See United States v. Capanelli*, 479 F.3d 163, 165 (2d Cir. 2007) ("While a district court must consider each § 3553(a) factor in imposing a sentence, the weight given to any single factor is a matter firmly committed to the discretion of the sentencing judge and is beyond our review."). Therefore, the district court's decision to place greater weight on the seriousness of Gill's offense and his personal characteristics in concluding that a sentence reduction is not warranted was not an abuse of discretion.

We have considered Gill's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court denying a sentence reduction.[2]

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

---

[2] The Clerk of Court is directed to seal Gill's brief, 2d Cir. 22-2969, doc. 32, which contains material that should not have been filed unredacted on the public docket.

4