22-2904-cr (L)
*United States of America v. Sandford*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of May, two thousand twenty-four.

PRESENT:
> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee,*

v.                                                                      22-2904 (L), 22-3221 (Con)

EDWARD M. SANDFORD, AKA EDDIE,

> *Defendant,*

JAMES EDWARD SANDFORD, III, AKA "MALICE",

*Defendant-Appellant.*

FOR APPELLEE: TIFFANY H. LEE, Assistant United States Attorney, *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY.

FOR DEFENDANT-APPELLANT: ROBERT W. WOOD, Law Office of Robert W. Wood, Rochester, NY.TIFFANY H. LEE, Assistant United States Attorney, *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from October 18, 2022, and December 9, 2022, orders of the United States District Court for the Western District of New York (David G. Larimer, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the October 18, 2022, and December 9, 2022, orders of the district court are **AFFIRMED.**

In 2017, Defendant-Appellant James Edward Sandford, III was convicted after a jury trial of possessing a firearm after having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1), possessing a stolen firearm in violation of 18 U.S.C. § 922(j), and witness tampering in violation of 18 U.S.C. § 1512(b)(1). Sandford was sentenced principally to 156 months' imprisonment.

2

In 2022, Sandford moved *pro se* for compassionate release under 18 U.S.C. § 3582(c)(1)(A). In support of that motion, he identified the following circumstances as sufficiently extraordinary and compelling to warrant a reduction in his sentence: his minor son and ailing father needed him to provide care, he had been rehabilitated in prison, he was unable to receive dental care, and the harsh conditions of confinement due to the COVID-19 pandemic. On October 18, 2022, the district court denied relief, reasoning that the § 3553(a) factors weighed against release principally because Sandford's crimes were serious, he remained a danger to the community, and principles of general deterrence counseled against release. The district court also held that he failed to establish extraordinary and compelling reasons warranting a reduction in his sentence. On December 9, 2022, the district court denied Sandford's motion for reconsideration. Sandford, with the aid of counsel, appealed both decisions.

We assume the parties' familiarity with the additional underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

"We review the denial of a motion for compassionate release for abuse of discretion." *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022) (per curiam). A district court abuses its discretion if its ruling is based "on an erroneous view of the law

3

or on a clearly erroneous assessment of the evidence," or if it cannot be located within the range of permissible outcomes. *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009) (quoting *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008)). Because a defendant seeking compassionate release on the basis of extraordinary and compelling circumstances must also demonstrate a favorable assessment of the § 3553(a) sentencing factors, *see* 18 U.S.C. § 3582(c)(1)(A), a failure on either ground requires affirmance. *See Halvon*, 26 F.4th at 571.

Sandford argues on appeal that the district court failed to account fully for his son and father's caretaking needs, his rehabilitation while in prison, and the harsh conditions of his confinement due to COVID-19. However, the record firmly establishes that the district court properly considered each of those circumstances before determining that Sandford had failed to demonstrate extraordinary and compelling reasons for a sentence reduction. *See Halvon*, 26 F.4th at 570 ("When reviewing a motion for a sentence modification, a district court need only adequately explain the chosen sentence to allow for meaningful appellate review." (internal quotation marks omitted)).

Sandford also takes issue with the district court's assessment of the § 3553(a) factors, arguing that the district court failed to consider the length of his sentence. But the district court plainly took the length of his sentence into account. It concluded that

4

Sandford's crimes were serious and that his sentence correctly reflected the severity of his conduct, the need to deter others, and the need to protect the public.   *See* 18 U.S.C. § 3553(a)(2)(A)–(C).   Each of those conclusions is grounded in the record, and the district court did not abuse its discretion by declining to reduce Sandford's sentence in view of that assessment.   *See Borden*, 564 F.3d at 104.

We have considered Sandford's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the orders of the district court denying compassionate release and denying reconsideration.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court