23-6139-cr
United States v. Edwards (Brown)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of July, two thousand twenty-four.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> RAYMOND J. LOHIER, JR.,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

United States of America,

> *Appellee*,

> v.                                                                23-6139-cr

Cory Edwards, AKA WIGGLES, AKA SEALED DEFENDANT #1, Charles Myles, AKA BOSSMAN, AKA

SEALED DEFENDANT #2, Antonio Owens, AKA O'HEAD, AKA SEALED DEFENDANT #3, Rasue Barnett, AKA WILD THANG, AKA SEALED DEFENDANT #5, Waliek Betts, AKA LEEK, AKA SEALED DEFENDANT #6, Akim Betsey, AKA KOON, AKA KIMY, AKA SEALED DEFENDANT #7, Charles Brown, AKA TADDA, AKA TATA, AKA SEALED DEFENDANT #8, Terrence Edwards, AKA JAQUAN, AKA SILK, AKA SEALED DEFENDANT #9, Dudley Harris, AKA DUD, AKA SEALED DEFENDANT #10, Rodney Hill, AKA HOT ROD, AKA SEALED DEFENDANT #11, Christopher Holbdy, AKA NUTS, AKA SEALED DEFENDANT #12, Anthony Jackson, AKA CAPONE, AKA TONE, AKA SEALED DEFENDANT #13, Lance Johnson, AKA L-A, AKA CLUE, AKA SEALED DEFENDANT #14, Ridwan Othman, AKA WIGWAM, AKA BLITZ, AKA SEALED DEFENDANT #15, London Rice, AKA GRAMS, AKA SEALED DEFENDANT #16, Cheiron Thomas, AKA SLAB, AKA SEALED DEFENDANT #17, Edward Thomas, AKA POPPY, AKA ESCO, AKA SEALED DEFENDANT #18, David Trapps, AKA DIRTY DAVE, AKA SEALED DEFENDANT #19, Jamontae

2

**Wallace, AKA MONTY, AKA SEALED DEFENDANT #20, Robert Shaw, AKA SEALED DEFENDANT #21, Eric Dunbar, AKA SEALED DEFENDANT #22, Tommie Briscoe, AKA SEALED DEFENDANT #23, Leroy Antwain Walker, AKA LEROY WALKER STOKES, AKA SEALED DEFENDANT #24, Leonard Holbdy, AKA SEALED DEFENDANT 25, Christian Williams, AKA SEALED DEFENDANT 26,**

*Defendants,*

**Karo Brown, AKA KIKE, AKA KITE, AKA SEALED DEFENDANT #4,**

*Defendant-Appellant.*

_____

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | Karo Brown, pro se, Otisville, NY. |
| **FOR APPELLEE:** | Adrian LaRochelle, Thomas R. Sutcliffe, Assistant United States Attorneys, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY. |

Appeal from an order of the United States District Court for the Northern District of New York (Frederick J. Scullin, Jr., *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order is **AFFIRMED**.

Defendant-Appellant Karo Brown appeals from an order entered by the district court on January 31, 2023, principally denying his second motion for a sentence reduction under Section 404 of the First Step Act of 2018 (the "First Step Act" or "FSA"), Pub. L. No. 115-391, 132 Stat. 5194. In 2004, Brown was convicted of racketeering activity by a jury, which attributed to him racketeering activity including, *inter alia*, acts involving murder, attempted murder, or conspiracy to commit murder; and conspiracy to distribute and possess with intent to distribute crack cocaine. The district court sentenced Brown principally to forty years' imprisonment and we affirmed Brown's conviction and sentence on appeal. *See United States v. Edwards*, 214 F. App'x 57, 66 (2d Cir. 2007) (summary order). Brown's first motion for a sentence reduction pursuant to the FSA was filed in 2019. As to it, the district court determined that Brown was eligible for relief under the FSA, but that because of his murder-related racketeering activities, which rendered him subject to a statutory maximum of life imprisonment, his sentencing range pursuant to the United States Sentencing

4

Guidelines (the "Guidelines") remained the same despite subsequent changes in the penalty scheme for crack-cocaine offenses. The court ultimately declined to reduce his sentence, concluding that the updated Guidelines range would still be thirty years to life and that the 18 U.S.C. § 3553(a) factors still warranted a forty-year sentence. On Brown's appeal of that decision, we affirmed. *United States v. Brown*, No. 20-2787, 2021 WL 5173293, at *1–2 (2d Cir. Nov. 8, 2021) (summary order).

The present appeal concerns Brown's second motion for relief under the FSA. In it, Brown asked the district court to reconsider its prior decision in light of the Supreme Court's decision in *Concepcion v. United States*, 597 U.S. 481 (2022). The district court again denied a reduction, reasoning that Brown's second motion could not be brought due to Section 404(c) of the FSA, which bars subsequent motions if an initial motion received a complete review on the merits. Out of an abundance of caution, the court construed Brown's motion as also seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A), but concluded that the § 3553(a) factors continued to justify Brown's sentence. We assume the parties' familiarity with the underlying facts, the procedural history of the case,

5

and the issues on appeal, which we set forth here only as necessary to explain our decision to **AFFIRM**.

* * *

We review the denial of a motion for a discretionary sentence reduction—whether under Sections 404(b) or 3582(c)(1)(A)—for abuse of discretion, and review underlying matters of statutory interpretation *de novo*. *See United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022) (per curiam) (§ 3582(c)(1)(A)); *United States v. Moore*, 975 F.3d 84, 88–89 (2d Cir. 2020) (§ 404(b) via § 3582(c)(1)(B)).

At the start, we agree with the district court that Brown's second motion for relief under Section 404(b) of the FSA is barred. The First Step Act bars a defendant from moving for relief when his or her prior motion was denied on the merits—an "explicit limitation[] on available relief[.]" *Concepcion*, 597 U.S. at 496. The text of Section 404(c) mandates that "[n]o court shall entertain a motion made under this section to reduce a sentence if . . . a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." Section 404(c), Pub. L. No. 115-391, 132 Stat. 5194. Under this Circuit's precedent, a

6

complete review consists of a court's review of the "retroactive application of Sections 2 and 3" of the Fair Sentencing Act. *Moore*, 975 F.3d at 91.

Brown received that review. In denying his first motion, the district court reassessed his Guidelines range under the 2018 Guidelines, which reflect the amended drug quantities made applicable by the FSA. On appeal of that decision, we expressly rejected Brown's arguments that the district court failed to provide a full review, committed procedural error, or incorrectly calculated that range. *Brown*, 2021 WL 5173293, at *1–2. Brown argues that the district court failed nonetheless to conduct a complete review of his previous motion on the merits because it did not have "the benefit of *Concepcion* at the time of the Court's original decision." Appellant Br. 12. For movants eligible for FSA relief, *Concepcion* makes clear that a district court may consider "intervening changes of law," including changes to the Guidelines, or "changes of fact," such as behavior in prison, when adjudicating an FSA motion. 597 U.S. at 486, 500. But here, as the district court stated, the initial adjudication of Brown's FSA motion was "entirely consistent with *Concepcion*." GA:369. And more fundamentally, the Supreme Court's decision in *Concepcion*, by clarifying how

7

courts are to apply Section 404(b), does not thereby render the earlier review of Brown's FSA motion any less complete for the purpose of Section 404(c). Thus, the district court correctly denied Brown's motion as barred under that provision.

As a final matter, Brown also challenges the district court's consideration of his entitlement to compassionate release under 18 U.S.C. § 3582(c)(1)(A). The district court construed Brown's motion as seeking compassionate release and denied such relief. Section 3582(c)(1)(A)(i), as amended by the First Step Act, provides that a court "may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction[.]" In *United States v. Brooker*, we interpreted the First Step Act to permit a district court to evaluate the "full slate of [qualifying] extraordinary and compelling reasons" for a defendant's compassionate release motion. 976 F.3d 228, 237 (2d Cir. 2020). Brown alleges that his rehabilitation while in prison, combined with changes in sentencing law and other unspecified factors, constitute extraordinary and compelling reasons to reduce his sentence. But neither

*Brooker* nor Section 3582 compel the district court to agree. Indeed, rehabilitation alone is not an "extraordinary and compelling reason," 28 U.S.C. § 994(t), and even after accounting for changes in sentencing law, Brown is subject to the same Guidelines range today as he was in 2005.

The district court also did not abuse its discretion in concluding that the § 3553(a) factors did not warrant relief. Upon careful consideration of the merits of each of Brown's asserted factors, the district court concluded that none of them overcame the nature and seriousness of Brown's offense. GA:370–71. To reach this decision, the district court conducted a straightforward application of the § 3553(a) factors, and "[m]ere disagreement with how the district court balanced the § 3553(a) factors . . . is not a sufficient ground for finding an abuse of discretion." *Halvon*, 26 F.4th at 569 (internal quotation marks omitted).

To the extent that Brown argues that the district court should not have recharacterized his motion as seeking compassionate release without providing him an opportunity to argue the § 3553(a) factors, the district court indicated its willingness to reconsider Brown's eligibility for relief under § 3582 in the future. GA:372. Discerning no abuse of discretion in the district court's assessment of

9

the § 3553(a) factors on this record, we make no determination as to any such future application based on an expanded record.

Accordingly, for the reasons set forth above, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court