*United States v. Sanchez*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of November, two thousand twenty-four.

Present:
> MICHAEL H. PARK,
> EUNICE C. LEE,
> MYRNA PÉREZ,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

>> *Appellee,*

>> v.                                                                     23-7777

EDGAR MARINO SANCHEZ,

>> *Defendant-Appellant.* *

---

FOR DEFENDANT-APPELLANT:          Edgar Marino Sanchez, *pro se*, Fairton, NJ.

FOR APPELLEE:          United States of America (*by* Daniel G. Nessim & Nathan Rehn, *for* Damian Williams, U.S. Attorney for the Southern District of New York, New York, NY).

---

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

Appeal from orders of the United States District Court for the Southern District of New York (Crotty, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Edgar Marino Sanchez ("Sanchez") moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The district court denied that motion as well as a subsequent motion for reconsideration. Sanchez now appeals, arguing that the district court abused its discretion. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review the denial of a motion for compassionate release for abuse of discretion." *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022). "A district court's denial of reconsideration is also reviewed for abuse of discretion." *United States v. Moreno*, 789 F.3d 72, 78 n.4 (2d Cir. 2015). "A district court has broad discretion when considering a motion for compassionate release" and "abuses its discretion if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or renders a decision that cannot be located within the range of permissible decisions." *Halvon*, 26 F.4th at 569 (cleaned up).

A district court may grant a compassionate release motion "only if three conditions are in place: administrative exhaustion (absent waiver or forfeiture by the government); satisfaction of the [18 U.S.C.] § 3553(a) [sentencing] factors; and extraordinary and compelling reasons." *United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021). "It follows that if a district court determines that one of those conditions is lacking, it need not address the remaining ones." *Id*.

In his original motion, Sanchez presented three justifications for reducing his sentence to time served. Moving for reconsideration, he offered four more. On appeal, Sanchez now claims that the district court abused its discretion by disregarding the "unduly harsh" nature of his sentence, his need to care for ailing family members, and the recent amendments to U.S.S.G. § 1B1.13. We disagree.

The district court did not abuse its discretion in finding that Sanchez failed to demonstrate "extraordinary and compelling" circumstances warranting a sentence reduction. It conducted a fact-intensive inquiry, appropriately considering and rejecting each of the seven circumstances to which Sanchez pointed. His caregiver arguments did not establish that he was the only person able to care for his ailing family members. His claim that the jury's verdict was inconsistent should have been brought as a claim for collateral relief under 28 U.S.C. § 2255. His complaint about COVID-19 did not suggest that he was particularly vulnerable or at risk. His description of his difficult upbringing did not diminish the seriousness of his crime. His age at the time of the offense—twenty-six years old—was not young enough to warrant consideration. And his improved behavior while in prison did not suffice on its own because "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t).

The three arguments that Sanchez now raises on appeal fare no better. He attacks the length of his sentence, "[b]ut the validity of a . . . sentence can be challenged only on direct appeal or collateral review." *United States v. Fernandez*, 104 F.4th 420, 427 (2d Cir. 2024); *see also United States v. Roney*, 833 F. App'x 850, 854 (2d Cir. 2020) ("A compassionate-release motion is not an opportunity to second guess or to reconsider the sentencing court's original decision."

3

(cleaned up)).　He reattempts his caregiver argument, but he points to no factual or legal error in the district court's decision on that issue.　And he takes issue with the fact that the district court did not apply the amendments to U.S.S.G. § 1B1.13, which had not yet taken effect.　But Sanchez did not raise that argument before the district court, and we decline to decide it in the first instance.[1]

In sum, "a district court's discretion in this area—as in all sentencing matters—is broad." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).　Here, the district court detailed Sanchez's failures to establish "extraordinary and compelling" reasons warranting a sentence reduction.　And Sanchez has not established that anything in either decision constituted an abuse of discretion.

We have considered Sanchez's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.　We **DENY** as moot Sanchez's pending motion to appeal the denial of compassionate release.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Our decision does not, however, prevent Sanchez from raising his arguments under the amended U.S.S.G. § 1B1.13 in a subsequent motion to the district court.