24-321-cr
*United States v. Rudaj*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of March, two thousand twenty-five.

PRESENT:
> BARRINGTON D. PARKER,
> BETH ROBINSON,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

United States of America,

> *Appellee,*

> v.                                                          24-321-cr

Alex Rudaj, AKA Sandro Rudovic, AKA Uncle, AKA Allie Boy,

> *Defendant-Appellant,*

Nardino Colotti, AKA Superintendent Leonardo, AKA Lenny, Nikola Dedaj, AKA

**Big Nick, AKA Nicky Nails, Prenka Ivezaj, AKA Frankie, AKA Big Frank, Ljusa Nuculovic, AKA Louie, Angelo Dipietro, AKA Fat Angelo, Gjelosh Lelcaj, AKA Joey, Miri Patani, AKA Saverino Valente, Paul Nuculovic, AKA Paulie, Nikola Nuculovic, AKA Nicky, Joseph Genua, Joseph Bongiovanni, AKA Joe Bong, Paul Avitable, AKA Shad The Rooster, Anthony Dipietro, AKA Ant, Nikolaos Michalopoulos, AKA Kefala, Lefteris Katsigiannis, Spiros Karagiannis, Ioannis Karagiannis, AKA Investigator John, Petros Pantazis, Kostas Panzialis, Gregory Kommatas, Sheikh Abdul Shakoor, AKA Shaku,**

*Defendants,*[*]

_____

**FOR APPELLEE:**    Jonathan E. Rebold, James Lightenberg, Assistant United States Attorneys, Of Counsel, *for* Matthew Podolsky, Acting United States Attorney for the Southern District of New York, New York, NY.

**FOR DEFENDANT-APPELLANT:**    Alex Rudaj, pro se, Fort Dix, NJ.

Appeal from an order of the United States District Court for the Southern District of New York (Denise Cote, *Judge*).

_____

[*] The Clerk's office is directed to amend the caption as reflected above.

2

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the December 19, 2023 order of the district court is **AFFIRMED**.

Alex Rudaj, representing himself, appeals the district court's denial of his 18 U.S.C. § 3582(c)(1)(A) motion for sentence reduction. In 2006, after a fifteen-week trial of Rudaj and five co-defendants, the jury found Rudaj guilty of twelve counts arising from Rudaj's leadership of an illegal gambling operation: (1) racketeering, in violation of 18 U.S.C. § 1962(c); (2) conspiracy to commit racketeering, in violation of 18 U.S.C. § 1962(d); (3) assault in aid of racketeering, in violation of 18 U.S.C. §§ 1959(a)(3) and 2; (4) illegal gambling conspiracy, in violation of 18 U.S.C. § 371; (5) operation of an illegal gambling business, in violation of 18 U.S.C. §§ 1955 and 2; (6) extortion conspiracy as to "the Mirage Victim," in violation of 18 U.S.C. § 1951; (7) extortion conspiracy as to "the Cosmo's Bar Victim," in violation of 18 U.S.C. § 1951; (8) attempted extortion, in violation of 18 U.S.C. §§ 1951 and 2; (9) conspiracy to use extortionate means to collect extensions of credit, in violation of 18 U.S.C. § 894; (10) use and carrying of a firearm, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2; (11) bank fraud from October 2001 to October 2004, in violation of 18 U.S.C. § 1344; and (12) bank fraud from March 2002 to October 2004,

3

in violation of 18 U.S.C. § 1344.

He was sentenced, principally, to 27 years' imprisonment. We affirmed the judgment of conviction. *United States v. Ivezaj*, 568 F.3d 88 (2d Cir. 2009).

In 2023, Rudaj filed a § 3582(c)(1)(A)(i) motion for a sentence reduction, arguing, among other things, that he exhibited rehabilitation and that COVID-19 and the portion of his sentence at MDC Brooklyn had resulted in a particularly severe sentence. The district court denied the motion.

Rudaj appealed. We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal.

We review the denial of a motion for compassionate release for abuse of discretion and underlying matters of statutory interpretation without deference to the district court's reasoning. *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022). A district court abuses its discretion if it "bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or renders a decision that cannot be located within the range of permissible decisions."[1] *Id.*

A district court "may reduce" a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction," and (2) "after

---

[1] In quotations from caselaw and the parties' briefing, this summary order omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

4

considering the factors set forth in [18 U.S.C.] section 3553(a)." 18 U.S.C. § 3582(c)(1)(A)(i); *see United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021). Because a prisoner must meet both requirements (among others), either can provide an independent reason to deny relief. *Keitt*, 21 F.4th at 73.

Here, the district court did not abuse its discretion in denying Rudaj's § 3582(c)(1)(A) motion. The district court concluded that the § 3553(a) factors weighed against a sentence reduction given the need for appropriate punishment and adequate deterrence in light of the violent nature of Rudaj's crimes. In particular, the court emphasized that Rudaj led an organization that ran illegal gambling operations and used guns and violence to extort money from victims. The district court's assessment of the § 3553(a) factors is "located within the range of permissible decisions." *See Keitt*, 21 F.4th at 71. And Rudaj's "[m]ere disagreement with how the district court balanced the § 3553(a) factors . . . is not a sufficient ground for finding an abuse of discretion." *Halvon*, 26 F.4th at 569.

Thus, the district court was within its broad discretion in denying Rudaj's motion for a sentence reduction based on its balancing of the § 3553 factors, and we need not consider Rudaj's argument that the district court erred in concluding

that he failed to show extraordinary circumstances to warrant a reduction.

\* \* \*

Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court