United States v. Brown (Peterkin)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION SUMMARY ORDER). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of April, two thousand twenty-five.

PRESENT:
> **DEBRA ANN LIVINGSTON,**
> *Chief Judge,*
> **RAYMOND J. LOHIER, JR.,**
> **MYRNA PÉREZ,**
> *Circuit Judges.*

_____

United States of America,

         *Appellee*,

    v.                                   **24-1432**

Shawn Peterkin,

         *Defendant-Appellant*,

Damian Brown, Franz Golding, Dwayne Palmer

*Defendants.*[*]

---

**FOR APPELLEE:** Kevin Mead, James Ligtenberg, Assistant United States Attorneys, *for* Edward Y. Kim, Acting United States Attorney for the Southern District of New York, New York, NY.

**FOR DEFENDANT-APPELLANT:** Shawn Peterkin, pro se, Pollock, LA.

Appeal from an order of the United States District Court for the Southern District of New York entered on January 2, 2024 (Rakoff, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Shawn Peterkin appeals the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews "the denial of a motion for compassionate release for abuse of discretion." *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022). And we have held

---

[*] The Clerk of the Court is respectfully directed to amend the caption accordingly.

that a district court's discretion when considering such motions is broad. *Id*. (citing *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020)). Under § 3582(c)(1)(A), the district court must consider the 18 U.S.C. § 3553(a) sentencing factors but otherwise has discretion "to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in [a] motion[] for compassionate release." *Brooker*, 976 F.3d at 237. "Mere disagreement with 'how the district court balanced the § 3553(a) factors' . . . is not a sufficient ground for finding an abuse of discretion." *Halvon*, 26 F.4th at 569 (quoting *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020)). Rather, "[a] district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021) (emphasis omitted) (quoting *Warren v. Pataki*, 823 F.3d 125, 137 (2d Cir. 2016)).

Peterkin argues that a sentence reduction is warranted based on the change in law wrought by *Alleyne v. United States*, which held that the jury must find, beyond a reasonable doubt, any fact that increases the mandatory minimum sentence. 570 U.S. 99, 103 (2013). Peterkin contends that if he had been sentenced after *Alleyne*, his sentence would have violated the announced rule, because "the jury never made relevant findings,

3

beyond a reasonable doubt, related to the drug amount." Appellant Br. 6. But while Peterkin characterizes the district court's decision as concluding that the change in law under *Alleyne* could not provide the basis for a sentence reduction, the district court did not reach this issue. Rather, it concluded only that *Alleyne* did not support Peterkin's motion because the jury found the quantity of marijuana beyond a reasonable doubt. Because the trial record is clear that the jury made the requisite findings as to the drug amount, we reject Peterkin's argument.

Finally, Peterkin raises several new arguments on appeal that he did not raise in the district court. We generally do not consider arguments raised for the first time on appeal and see no reason to do so here. *See Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.").

We have considered all of Peterkin's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court, and **DENY** Peterkin's motion in this Court for compassionate release.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4