24-3269
*United States v. Boyle*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of April, two thousand twenty-six.

PRESENT:
> DENNY CHIN,
> RICHARD J. SULLIVAN,
> *Circuit Judges*,
> MEREDITH A. VACCA,
> *District Judge*.*

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                    No. 24-3269

JOSEPH CERBONE, THOMAS DONO, a.k.a.
Tommy, BATTISTA GERITANO, a.k.a.

_____

* Judge Meredith A. Vacca, of the United States District Court for the Western District of New York, sitting by designation.

Benny, ANTHONY LABARBERA, a.k.a. Woody, JOHN LABARBERA, JOHN MICALI, RONALD PETRINO, a.k.a. Ronnie and the Peddler, JOSEPH SPENNATO, a.k.a. Joe Sun and Little Joe,

> *Defendants*,

MARIE CUOZZO, VITO CUOZZO,

> *Intervenors*,

EDMUND BOYLE, a.k.a. Edward, a.k.a. Eddie,

> *Defendant-Appellant*.

_____

| | |
|---|---|
| **For Appellee:** | Saritha Komatireddy, Laura Zuckerwise, Assistant United States Attorneys, *for* Joseph Nocella, Jr., United States Attorney for the Eastern District of New York, Brooklyn, NY. |
| **For Defendant-Appellant:** | Edmund Boyle, *pro se*, Brooklyn, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Pamela K. Chen, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the November 20, 2024 order of the district court is **AFFIRMED**.

Edmund Boyle appeals from an order denying his motion for a sentencing reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). The district court determined it "lack[ed] jurisdiction" over Boyle's motion because Boyle has already served the entirety of his term of incarceration. Dist. Ct. Doc. No. 456 at 15 n.7. On appeal, Boyle contends that the district court *did* have jurisdiction over his motion – despite his having completed his term of incarceration – because he is currently serving a *different* term of incarceration that was imposed following his conviction for a *different* offense in a *different* district (the Southern District of New York), which was ordered to run consecutive to his then-undischarged sentence in the Eastern District of New York. Boyle Br. at 6, 10. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as needed to explain our decision.

Typically, "[w]e review the denial of a motion for compassionate release for abuse of discretion." *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022). But "[b]efore wading into the merits of the parties' dispute, we must consider whether the case [is] moot." *United States v. Chestnut*, 989 F.3d 222, 224 (2d Cir. 2021). In *Chestnut*, we examined the very statute at issue here – section 3582(c)(1)(A) – and concluded that when a defendant seeks to reduce his already-completed term of

3

incarceration, "neither we nor the district court can grant him the relief he is seeking."  989 F.3d at 224.

As in *Chestnut*, "the only relief that" Boyle requested below "is that his prison sentence be reduced."  *Id*.  Because that prison sentence has been completed, "we must dismiss the case."  *Id.* (quoting *United States v. Blackburn*, 461 F.3d 259, 261 (2d Cir. 2006)).  The fact that Boyle is currently serving a different sentence for a different conviction does not alter that conclusion, though of course Boyle is free to move for a sentencing reduction before the district court in that case if he is so inclined.

For the first time on appeal, Boyle also urges us to "remand to reduce the 3 years of supervised release portion of [his Eastern District of New York] sentence" because the district judge in that case "will regain jurisdiction over [Boyle] upon his release from custody."  Boyle Br. at 3.  But Boyle never made – and the district court did not consider – this argument concerning his impending term of supervised release.  While Boyle "is free to make such a motion," *Chestnut*, 989 F.3d at 225, we will not reach an argument that "was not pressed or passed upon below," *United States v. Williams*, 504 U.S. 36, 41 (1992); *see also Chestnut*, 989 F.3d at 225 (dismissing appeal because the defendant had "not asked the district court"

4

for a reduction to "his term of supervision" and noting that "it would be quite strange for us to say that a live controversy exists concerning whether the district court abused its discretion in having failed to consider a request that [the defendant] never in fact made").

\*       \*       \*

We have considered Boyle's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court