23-6940-cr
*United States v. Brown*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of November, two thousand twenty-four.

PRESENT:
> SUSAN L. CARNEY,
> JOSEPH F. BIANCO,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

    *Appellee*,

    v.                                                                                  23-6940-cr

KENNETH PETTWAY, JR., AKA KPJ, DEMETRIUS BLACK, AKA Dee Black, TYRONE BROWN, AKA Ty Boog, QUINTON THOMPSON, AKA Q, EDDIE ALLEN, AKA Pow Pow, AKA Bundles, MONTELL JONES, AKA Telly, RAYMEL WEEDEN, AKA Ray Deuce, RAYSHOD WASHINGTON, AKA Shoddy, DERRICK RAMOS, AKA Little D,

    *Defendants*,

TARIQ BROWN, AKA Reek, AKA Reek
Havick Boog, AKA Lil Boog, AKA Tyriq
Brown,

*Defendant-Appellant*.
_____

FOR APPELLEE:                                       Katherine A. Gregory, Assistant United
                                                    States Attorney, *for* Trini E. Ross, United
                                                    States Attorney for the Western District of
                                                    New York, Buffalo, New York.

FOR DEFENDANT-APPELLANT:                            Tariq Brown, *pro se*, Berlin, New
                                                    Hampshire.


Appeal from an order of the United States District Court for the Western District of New
York (William M. Skretny, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND
DECREED** that the order of the district court, entered on July 31, 2023, is **AFFIRMED**.

Defendant-Appellant Tariq Brown appeals from an order of the district court denying his
motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). We assume the parties'
familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer
only as necessary to explain our decision to affirm.

Brown pled guilty in 2016, pursuant to a plea agreement, to participation in a RICO
conspiracy in violation of 18 U.S.C. § 1962(d). Brown's conviction related to his membership
in, and the violent acts he committed in aid of, a street gang called the Bailey Boys, which
trafficked narcotics, committed robberies, and engaged in other violent acts in Buffalo, New
York. More specifically, during four separate incidents between June 2011 and May 2012,
Brown shot at and attempted to kill several individuals, one of whom died from his injuries,

2

while others sustained serious injuries. On December 5, 2016, the district court sentenced Brown principally to 264 months' imprisonment, followed by five years of supervised release.

In April 2023, Brown moved *pro se* for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) based on the COVID-19 pandemic, as well as his age at the time of the offense, difficult upbringing, and rehabilitation efforts during his imprisonment. The district court denied the motion, reasoning that Brown did not establish an extraordinary and compelling reason for a sentence reduction and, even if he had done so, the statutory factors set forth in 18 U.S.C. § 3553(a) weighed against a sentence reduction. *See generally United States v. Brown*, No. 12-CR-103S (WMS), 2023 WL 4861028 (W.D.N.Y. July 31, 2023).

We review the denial of a motion for compassionate release for abuse of discretion. *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022) (per curiam). A "district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009) (internal quotation marks and citation omitted). Under Section 3582(c)(1)(A), a district court "may" reduce a defendant's term of imprisonment "after considering the factors set forth in [S]ection 3553(a)" if it finds "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Brooker*, 976 F.3d 228, 235 (2d Cir. 2020).

Here, we need not review the district court's determination that Brown failed to demonstrate an extraordinary and compelling reason for a sentence reduction because, even

3

assuming *arguendo* that he made such a showing, the district court did not abuse its discretion by denying the compassionate release motion after careful consideration of the Section 3553(a) factors. *See United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) ("[A]ssum[ing] the existence of extraordinary and compelling circumstances warranting release . . . a district court's reasonable evaluation of the Section 3553(a) factors is an alternative and independent basis for denial of compassionate release." (internal quotation marks, citation, and footnote omitted)). For example, with respect to the nature and circumstances of the offense, the district court emphasized that Brown's criminal conduct, as a member of the Bailey Boys, was "truly deplorable," and included his participation as "the gunman in several shootings involving multiple victims, including children." *Brown*, 2023 WL 4861028, at *5; *see* 18 U.S.C. § 3553(a)(1). The district further explained: "[A]s to dangerousness, which is considered in conjunction with the need to protect the public from future crimes by the defendant, this Court finds that Brown continues to pose a danger to the community." *Brown*, 2023 WL 4861028, at *6; *see* 18 U.S.C. § 3553(a)(2)(C). In particular, the district court noted that "Brown displayed a wanton disregard for life as he participated in acts of murder and other violence aimed at occupying and controlling a portion of the city for criminal profit," and his continuing danger to the community was further supported by his recent disciplinary infractions while incarcerated, including fighting and possessing a hazardous tool. *Brown*, 2023 WL 4861028, at *6. The district court also concluded that "[a] reduced sentence would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from future crimes by the defendant." *Id*.; *see* 18 U.S.C. § 3553(a)(2)(A)–(C). Ultimately, the district court found that the Section 3553(a) factors

4

"outweigh[ed] any extraordinary and compelling reasons for a sentence reduction." *Brown*, 2023 WL 4861028, at *6.

Brown argues that, in reaching this determination, the district court failed to adequately consider his age, upbringing, or the fact that similarly situated defendants (also youths at the time of their offenses) were granted sentence reductions in other cases. We disagree. "A district court is presumed to have considered all relevant § 3553(a) factors and arguments unless the record suggests otherwise." *Halvon*, 26 F.4th at 570 (internal quotation marks and citation omitted). Brown has failed to point to anything in the record suggesting that the district court failed to consider these factors. To the contrary, as evidenced in its assessment of whether there was an extraordinary and compelling reason for a sentence reduction, the district court did consider Brown's youth and "troubled upbringing." *See Brown*, 2023 WL 4861028, at *3–4 (rejecting argument that "relief is warranted because [Brown] was only 18 years old when he committed his offense," and explaining that "nothing about Brown's upbringing constitutes an extraordinary and compelling reason warranting relief"). Moreover, in its evaluation of the Section 3553(a) factors, the district court again gave broad consideration to "Brown's personal history and characteristics includ[ing] the death of his father at a young age." *Id*. at *5.

Similarly, although Brown contends that the district court failed to consider Section 3553(a)(6) by disregarding the cases he cited in which other courts had granted sentence reductions based in part on the defendant's young age at the time of the offense, the record indicates that the district court explicitly considered this sentencing factor. *Id.* at *6 ("A reduction [in Brown's sentence] would also result in unwarranted sentencing disparities." (citing 18 U.S.C. § 3553(a))). Contrary to Brown's suggestion, the district court was not required to

5

address each of his arguments and case citations in its assessment of this factor. *See United States v. Keitt*, 21 F. 4th 67, 72 (2d Cir. 2021) (per curiam) ("We have never required a district court to address every argument the defendant has made or discuss every § 3553(a) factor individually." (internal quotation marks and citation omitted)).

In short, Brown's arguments reflect his disagreement with the district court's decision to afford less weight to some Section 3553(a) factors—namely, his age at the time of the offense, as well as the sentencing reductions granted by other courts to defendants whom Brown argues were similarly situated to him—than to the other Section 3553(a) factors upon which the district court relied in denying his motion. However, Brown's disagreement with the district court's balancing of the Section 3553(a) factors in connection with the denial of his motion does not demonstrate an abuse of its discretion. *See Halvon*, 26 F.4th at 571 ("That the district court gave greater weight to [the] unchanged factors [from the original sentence] than to the changed circumstances on which [the movant] relies does not mean that the court failed to consider the latter."); *see also United States v. Capanelli*, 479 F.3d 163, 165 (2d Cir. 2007) ("While a district court must consider each § 3553(a) factor in imposing a sentence, the weight given to any single factor is a matter firmly committed to the discretion of the sentencing judge and is beyond our review." (internal quotation marks and citation omitted)). Thus, we discern no basis to disturb the district court's determination.

*       *       *

We have considered Brown's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7