23-8038-cr
United States v. Jasminder Singh

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of March, two thousand twenty-five.

PRESENT:
> **AMALYA L. KEARSE,**
> **DENNY CHIN,**
> **STEVEN J. MENASHI,**
> *Circuit Judges.*

---

**United States of America,**

> *Appellee,*

> v.                                                                        **23-8038**

**Jasminder Singh,**

> *Defendant-Appellant.*\*

---

\* The Clerk of Court is directed to amend the caption as set forth above.

FOR APPELLEE:    Jo Ann M. Navickas, Michael W. Gibaldi, Assistant United States Attorneys, Patrick J. Campbell, Trial Attorney, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

FOR DEFENDANT-APPELLANT:    Jasminder Singh, pro se, Joint Base MDL, NJ.

Appeal from an order of the United States District Court for the Eastern District of New York (Amon, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order denying compassionate release is **AFFIRMED**.

Appellant Jasminder Singh was convicted in 2022 of bank fraud and money laundering in a scheme to defraud American Express. The district court sentenced him to 48 months of imprisonment.

In 2023, Singh moved, pro se, for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), citing his family circumstances, a medical condition, and alleged religious discrimination at his prison facility. The district court denied the motion on the ground that Singh had not established an extraordinary and compelling reason for a sentence reduction. The district court observed that while it did not need also to address the 18 U.S.C. § 3553(a) sentencing factors, Singh had not presented new circumstances that would alter the district court's earlier assessment of those factors at sentencing. Singh

2

appealed. We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

We review the district court's order for abuse of discretion, which occurs when the district court makes a mistake of law, relies on a clearly erroneous view of the evidence, or renders a decision outside of the permissible range of decisions. *See United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022). Section 3582(c)(1)(A) provides that a district court "may" reduce a defendant's term of imprisonment "after considering the factors set forth in section 3553(a)" if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Because relief requires *both* a showing of extraordinary and compelling reasons *and* a favorable weighing of the § 3553(a) factors, an insufficient proffer on either provides an independent reason to deny the motion. *See United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021).

In this case, as the district court observed, Singh did not explain how the district court's recent assessment of the § 3553(a) factors either had to be reevaluated in light of subsequent developments or now warranted a sentence reduction. His appellate brief similarly does not provide such an explanation, which itself provides a reason to affirm the judgment of the district court. *Id.*

We additionally see no abuse of discretion in the district court's assessment of extraordinary and compelling reasons. To qualify as extraordinary and compelling

reasons warranting a sentence reduction, the reasons must be uncommon, powerful, and convincing. *See United States v. Fernandez*, 104 F.4th 420, 428 (2d Cir. 2024). The district court reasonably concluded that the circumstances faced by Singh's children, the religious disagreements with prison staff, and his medical condition were not extraordinary and compelling. While Singh disagrees with the district court's assessment, disagreement is not enough to establish an abuse of discretion. And his argument to the contrary notwithstanding, the district court did not cherry-pick facts from the record to support its desired conclusion.

In his appellate filings, Singh submitted new material post-dating the district court's decision. Our review is limited to the record on appeal, however, so we have not considered those documents. *See* Fed. R. App. P. 10(a); *Loria v. Gorman*, 306 F.3d 1271, 1280 n.2 (2d Cir. 2002). Singh may pursue a new motion for compassionate release based on that evidence before the district court.

We note that Singh has filed documents containing sensitive information that should not have been filed unredacted on the public docket. *See* Fed. R. App. P. 25(a)(5); Fed. R. Crim. P. 49.1(a). Accordingly, the Clerk of the Court is directed to seal docket entries 6 and 34 from public view. We do not order remand but nevertheless suggest that the district court review its docket for material that should have been redacted.

4

We have considered Singh's remaining arguments, which we conclude are without merit. We affirm the order of the district court. Singh has filed a separate motion requesting compassionate release that duplicates his appellate brief; we deny that motion for the reasons set forth above.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court