23-6279-cr
*United States v. Seabrook*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of December, two thousand twenty-five.

Present:

> GERARD E. LYNCH,
> WILLIAM J. NARDINI,
> STEVEN J. MENASHI,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellant*,

v.                                                                 23-6279-cr

NORMAN SEABROOK,

> *Defendant-Appellee*.\*

---

For Appellant:                          LARA POMERANTZ (Danielle R. Sassoon, *on the brief*), Assistant United States Attorneys, *for* Edward Y. Kim, Acting United States Attorney for the Southern District of New York, New York, NY.

---

\* The Clerk of Court is respectfully directed to amend the caption as set forth above.

1

For Defendant-Appellee: ROGER B. ADLER, Roger B. Adler, P.C., New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **REVERSED**, and the case is **REMANDED** with instructions that it be reassigned and that the sentence previously imposed on Seabrook be reinstated.

The government appeals from a judgment of the United States District Court for the Southern District of New York entered on February 24, 2023, granting Defendant-Appellee Norman Seabrook's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), commonly known as a compassionate release motion.

To explain our decision, we begin with some background of the prosecution of Seabrook and his two co-defendants, Murray Huberfeld and Jona Rechnitz.  A fuller account can be found in our opinion in *United States v. Seabrook*, 968 F.3d 224, 227-31 (2d Cir. 2020).[1]  Seabrook was the long-time president of the New York City Correction Officers Benevolent Association ("COBA").  Seabrook directed millions of dollars belonging to COBA into investments with Platinum Partners, a hedge fund founded by Huberfeld.  In return, Huberfeld paid a kickback to Seabrook.  Rechnitz acted as their intermediary, delivering to Seabrook a luxury handbag stuffed with $60,000 in cash.

---

[1] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

Rechnitz was approached by law enforcement and began cooperating in their investigation. Rechnitz pled guilty, pursuant to a cooperation agreement, to a criminal information that charged him with conspiracy to commit honest services wire fraud, in violation of 18 U.S.C. § 1349. The cooperation agreement provided that the government would file a motion pursuant to U.S.S.G. § 5K1.1, recognizing that his substantial assistance would allow for a downward departure at sentencing, so long as Rechnitz met his obligations under the agreement, including testifying against Seabrook and Huberfeld. After fulfilling his obligations under the agreement, Rechnitz appeared before District Judge Hellerstein for sentencing on December 19, 2019. Rechnitz was sentenced principally to 5 months of imprisonment, but after multiple appeals, we ultimately remanded the case for reassignment to another district judge for plenary resentencing. *See United States v. Rechnitz*, 75 F.4th 131 (2d Cir. 2023). Rechnitz is currently awaiting resentencing before District Judge Katherine Polk Failla.

While Rechnitz's criminal proceedings were ongoing, Seabrook and Huberfeld were named in a two-count indictment, charging them with conspiracy to commit honest services wire fraud and substantive honest services wire fraud. Initially, both Huberfeld and Seabrook proceeded to trial. After a two-week trial, the presiding judge, District Judge Andrew L. Carter, declared a mistrial because the jury was unable to reach a verdict on either count as to either defendant. The case was then reassigned to Judge Hellerstein.

Before retrial began, Huberfeld entered a plea agreement with the government, whereby he pled guilty to a superseding information charging a single count, conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371, for defrauding Platinum Partners (his employer) out of the $60,000 that was delivered to Seabrook in the handbag. *Seabrook*, 968 F.3d at 228. Thereafter, Huberfeld appeared before Judge Hellerstein for sentencing. Judge Hellerstein applied the

3

commercial bribery sentencing guidelines under U.S.S.G. § 2B4.1 to Huberfeld's conduct, yielding an advisory guidelines range of 30 to 37 months, and sentenced him principally to 30 months of imprisonment. Huberfeld appealed his sentence to this Court, arguing that the district court should have applied the fraud guidelines of U.S.S.G. § 2B1.1, yielding the much lower advisory range of 6 to 12 months, because he had not pled guilty to an honest-services offense. We agreed, vacated his sentence, and remanded for resentencing. *Id.* at 232-35. On remand, Judge Hellerstein recused himself from Huberfeld's resentencing, which was reassigned to District Judge Lewis Liman. At resentencing on June 22, 2021, Judge Liman sentenced Huberfeld principally to 7 months of imprisonment, within the newly calculated guideline range.

In contrast to Huberfeld, Seabrook did not plead guilty. Instead, he was retried before Judge Hellerstein. At the conclusion of his retrial, the jury found Seabrook guilty of two counts: (1) conspiracy to commit honest services wire fraud, in violation of 18 U.S.C. §§ 1343, 1346, and 1349, and (2) a substantive count of honest services wire fraud, in violation of 18 U.S.C. §§ 1343, 1346, and 2. On February 8, 2019, Judge Hellerstein sentenced Seabrook principally to 58 months of imprisonment. This Court affirmed his sentence on direct appeal.

That brings us to the present proceeding. While incarcerated, and after learning that this Court vacated Huberfeld's 30-month sentence and that Judge Liman resentenced Huberfeld to 7 months of imprisonment, Seabrook sought a reduction from Judge Hellerstein of his 58-month sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). As relevant here, Seabrook argued that the disparity between his sentence and the sentences Huberfeld and Rechnitz ultimately received was an extraordinary and compelling circumstance justifying his release. The district court agreed, granting Seabrook's motion and reducing his sentence to time served (approximately 21 months). More specifically, the district court stated that "Huberfeld's successful appeal changed the

calculus," and that because Huberfeld was resentenced to 7 months of imprisonment, there was "an unjust disparity" between the sentences of Seabrook and his co-defendants. App'x 101. The government now appeals, arguing that the district court abused its discretion when it granted Seabrook's motion.

This Court reviews a district court's ruling on a motion for compassionate release "for abuse of discretion and underlying matters of statutory interpretation *de novo*." *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021).

"Pursuant to 18 U.S.C. § 3582(c)(1) as modified by the First Step Act, . . . a district court may reduce a term of imprisonment upon motion by a defendant." *Halvon*, 26 F.4th at 568. "But there are three requirements that must be satisfied before a court can grant such relief. First, absent waiver or forfeiture by the government, an inmate must exhaust administrative remedies by requesting such relief from prison authorities." *Keitt*, 21 F.4th at 71. Second, a district court must "consider the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable." *Id.* "Third, the inmate must demonstrate that his proffered circumstances are indeed extraordinary and compelling such that, in light of these § 3553(a) factors, a sentence reduction is justified under § 3582(c)(1)(A) and would not simply constitute second-guessing of the sentence previously imposed." *Id.* District courts may "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them." *United States v. Brooker*, 976 F.3d 228, 237

5

(2d Cir. 2020). [2] But not every reason proffered by a defendant will be extraordinary and compelling.

In *United States v. Fernandez*, 104 F.4th 420, 428 (2d Cir. 2024), we held that a sentencing disparity between a defendant and his co-defendants was not an extraordinary and compelling reason that justified a sentence reduction. [3] We explained that "[i]t is not extraordinary (indeed, it should be expected) that a defendant who proceeds to trial and is convicted receives a longer sentence than his co-defendants who plead guilty to different crimes, accept responsibility, and assist the government by cooperating." *Id.* That is precisely what occurred here. Seabrook and his co-defendants differed in their acceptance of responsibility for their misconduct. Seabrook went to trial twice, whereas Huberfeld and Rechnitz admitted their culpability by pleading guilty. Rechnitz took this acceptance of responsibility one step further by cooperating with the government, which led to his receiving a downward departure for substantial assistance pursuant to U.S.S.G. § 5K1.1. Additionally, Seabrook was convicted of more serious crimes than Huberfeld. [4] Having been convicted of different crimes, Seabrook and Huberfeld were properly

---

[2] Judge Hellerstein decided this motion before the amended U.S.S.G. § 1B1.13 went into effect, so *Brooker* provided the governing standard and we need not consider the application of U.S.S.G. § 1B1.13. *See United States v. Black*, 131 F.4th 543 (7th Cir. 2025); *United States v. Bricker*, 135 F.4th 427 (6th Cir. 2025); *United States v. Rutherford*, 120 F.4th 360 (3d Cir. 2024); *United States v. D'Angelo*, 110 F.4th 42 (1st Cir. 2024); *United States v. Bradley*, 97 F.4th 1214 (10th Cir. 2024); *United States v. Feliz*, No. 16-cr-809, 2023 WL 8275897, at *4 (S.D.N.Y. Nov. 30, 2023).

[3] The Supreme Court has granted certiorari in *Fernandez* to decide "[w]hether a combination of 'extraordinary and compelling reasons' that may warrant a discretionary sentence reduction under 18 U.S.C. § 3582(c)(1)(A) can include reasons that may also be alleged as grounds for vacatur of a sentence under 28 U.S.C. § 2255." *Fernandez v. United States*, 145 S. Ct. 2731, 2732 (2025). Because any holding from the Supreme Court on that issue will not affect the disposition of this case, we need not reserve decision here.

[4] Seabrook was found guilty of conspiracy to commit honest services wire fraud and honest services wire fraud, based on a kickback scheme where, for his own personal gain, he diverted $20 million of COBA funds into investments with Platinum Partners. By contrast, Huberfeld was convicted of only conspiracy to commit wire fraud, which was premised on the much narrower accusation that he defrauded his employer of $60,000 by falsely invoicing this kickback as a reimbursement for Knicks tickets. Rechnitz was convicted of only conspiracy to commit honest services wire fraud.

subject to different base offense levels under different sentencing guidelines provisions. And because those base offense levels led to different advisory guidelines ranges, it is unsurprising (much less extraordinary) that their sentences varied. *See United States v. Joyner*, 924 F.2d 454, 459-60 (2d Cir. 1991) (describing how Congress and the Sentencing Commission purposefully structured the guidelines in a way that prescribed different ranges for different conduct, producing different punishments). Moreover, Seabrook betrayed the COBA membership for his own personal gain, leading the district court to impose a two-level sentencing enhancement to his base offense level for his abuse of a position of trust "in a manner that significantly facilitated the commission or concealment of the offense." U.S.S.G. § 3B1.3. Huberfeld and Rechnitz were not subject to the same two-level enhancement because they neither occupied nor abused such a position of trust.

We recognize that Judge Liman eventually gave Huberfeld a sentence that was substantially lower than the 30-month sentence originally imposed by Judge Hellerstein. But this is unsurprising, and hardly an extraordinary or compelling reason to reduce Seabrook's sentence. After we found that Judge Hellerstein had procedurally erred by applying the wrong guidelines provision at Huberfeld's first sentencing, we vacated the 30-month sentence and remanded for resentencing under a different guideline. *See Seabrook*, 968 F.3d at 233-35. The fact that Judge Liman resentenced Huberfeld to a lower term of imprisonment, within a lower and correctly calculated guidelines range, did not justify revisiting and recalculating the sentences of any or all of Huberfeld's co-defendants. There is nothing extraordinary and compelling about different sentences being imposed on differently situated defendants. Accordingly, we conclude that the district court abused its discretion by reducing Seabrook's sentence.

7

On remand, we direct that this case be reassigned for any future proceedings to a different district judge, consistent with our decision in Seabrook's co-defendant's case, *Rechnitz*, 75 F.4th at 134.

We have considered Seabrook's remaining arguments and find them unpersuasive. For the foregoing reasons, the judgment of the district court is **REVERSED,** and the case is **REMANDED**, with instructions that it be reassigned to a new district judge and that the sentence previously imposed on Seabrook be reinstated.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk